DOUGLAS COUNTY, *Plaintiff,*
*v.*
BROWN, *Respondent,*
STANDARD OIL COMPANY OF CALIFORNIA,
*Defendant,*
and
KENNADAY, *Appellant.*
(No. 77-0257, CA 10446)
587 P2d 504

Gordon G. Carlson, Roseburg, argued the cause and filed the briefs for appellant.

Stuart M. Brown, Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

This was a condemnation action in which the sole issue on appeal is which of two defendants—landlord or tenant—is entitled to compensation for the taking of certain trade fixtures. The trial court granted landlord (Brown) all of a condemnation award made by the county. Tenant (Kennaday) appeals, seeking compensation for a building and trade fixtures left on the premises. Tenant contends summary judgment was improper because a genuine issue of fact exists between the parties. We disagree and affirm.

The entry of summary judgment is proper where the record indicates there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. ORS 18.105(3). The parties stipulated to the following facts:

"1. The lease agreement between defendants Mack Brown and Forrest Kennaday provides that in the event the threat of condemnation or construction shall prevent the continuance of the service station business on the premises, then and in that event, this agreement of lease shall immediately cease and terminate.

"2. On February 4, 1977, Douglas County, Oregon filed the condemnation suit herein and all defendants were served during the month of February, 1977.

"3. On April 6, 1977, plaintiff mailed to defendant Kennaday, through his attorney, Gordon G. Carlson, the notice marked Exhibit A, attached hereto and made a part hereof. A copy of said notice was mailed on said date to defendant Mack Brown. Said notice was received by the addressees in the regular course of mail.

"4. On April 7, 1977, defendant Mack Brown mailed to Forrest Kennaday, by certified mail, with return receipt, the termination notice marked Exhibit B, attached hereto and made a part hereof. Said notice was received by defendant Forrest Kennaday on April 8, 1977.

"5. Under the lease terms, tenant was to be allowed a reasonable time not exceeding 30 days in which to remove tenant's improvements, provided all rental pay-

ments due first parties (defendant Brown) have been paid in full.

"6. It was the practice of defendant Kennaday to pay the rent after the monthly rent period, and on or before the 10th day of the following month. Rent for the month of May, 1977 was mailed to defendant Brown by defendant Kennaday on June 8, 1977.

"7. On May 31, 1977, defendant Kennaday removed all tenant's improvements and property that was economically practicable to move and which reasonably would have or could have been removed regardless of time allowed.

"8. Following the removal of such tenant's improvements, defendant Kennaday delivered a set of keys to the premises to Mr. Grubb as agent for the plaintiff. If called to testify, Mr. Brown would testify that Mr. Grubb then delivered such set of keys to defendant Brown. However, defendant Kennaday would testify that he has no personal knowledge of the delivery of the keys to Mr. Brown.

"9. Plaintiff did not commence construction until several weeks after June 1, 1977.

"10. The building and tenant's improvements which were not removed from the premises by defendant Kennaday continued to remain on the premises."

The court found that the parties' agreement terminated April 7, 1977 when plaintiff furnished tenant notice of condemnation. Tenant had a reasonable time "not exceeding 30 days" in which to remove his trade fixtures. The fixtures tenant seeks compensation for are those which remained on the premises after the county took possession on June 1, 1977—more than 30 days after notice to Kennaday.

■ Tenant contends a genuine issue of fact is presented as to whether the lease terminated on April 7, giving him until May 7 to remove his fixtures, or June 1, when the county gained possession of the land. There are two answers to this contention: First, resolution of this question is a question of law requiring the court to determine the intention of the parties from the language of the agreement. The provision terminating

the lease is relatively unambiguous. However, even if this issue could be construed to be a question of fact, and tenant's interpretation of the agreement that the lease did not terminate until June 1 were accepted, the fact is that the fixtures for which compensation is sought could not have been economically removed regardless of time allowed. There was no remaining factual issue.

■ Tenant argues that he is nonetheless entitled to compensation for the unremoved fixtures. Nothing in the lease agreement lends support to tenant's position. The clear import of the agreement was that tenant would be allowed to remove his trade fixtures upon the termination of his association with landlord. Tenant removed all fixtures that were economically practicable to remove. Nowhere in the agreement can a right of compensation be implied as a consequence of tenant's failure to exercise his removal rights under the lease. *See United States v. 1,257 Acres of Land,* 308 F2d 200 (7th Cir 1962).

Tenant relies on *State Highway Commission v. Demarest,* 263 Or 590, 503 P2d 682 (1972), to support his argument that he is entitled to compensation for those fixtures left in place. *Demarest* indicates that trade fixtures, in the absence of an agreement to the contrary, are generally removable by the lessee at the expiration of his lease. 263 Or at 605. However, the tenant in *Demarest* remained in possession of the premises by agreement of the parties pending the outcome of proceedings to determine the allocation of the condemnation award and was still in possession when the property was taken by the state. The tenant was in no position to have removed the fixtures and under those circumstances, he was allowed compensation for their value.

Here tenant had a reasonable time in which to remove his trade fixtures. He stipulated that all fixtures that were economically practicable to remove,

and which reasonably could have been removed, were removed. The entrance of summary judgment for landlord denying compensation to tenant is affirmed.